# 11 CV 0184

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON,
<br>Plaintiff

v.

MEDITERRANEAN SHIPPING
<br>COMPANY, S.A.,
<br>and
<br>NINGBO TOPTRADE IMP. AND EXP.
<br>CO. LTD.,
<br>Defendants

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

Case No.: _____



## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

The Bank of New York Mellon, by and through its undersigned counsel, hereby files this Complaint for Interpleader and Declaratory Relief and avers as follows:

### Parties

1.      The Bank of New York Mellon, referred to hereafter as "BNY Mellon", is a New York State Chartered Bank with its principal place of business at One Wall Street, New York, New York.

2.      Based on information and belief, Defendant Mediterranean Shipping Company S.A. (referred to hereafter as "Mediterranean Shipping"), is a foreign corporation organized and existing under and by virtue of the laws of Switzerland, with an office and principal place of business at 40 Avenue Eugene-Pittard, Geneva, Switzerland.

3.      Based on information and belief, Defendant Ningbo Toptrade Imp. and Exp. Co., Ltd. (referred to hereafter as "Ningbo Toptrade"), is a foreign corporation organized and existing under and by virtue of the laws of China, with a last known business address at International Convention & Exhibition Centre, Building B, Room 906, 168 Baizhang Road, Ningbo, China.

**Jurisdiction**

4.       Subject matter jurisdiction is based upon 28 U.S.C. § 1332(a)(1), in that there exists complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**Venue**

5.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because the funds at issue in this interpleader action are located within this district.

**Factual Allegations**

6.       At all times material to this action, Mediterranean Shipping, a defendant in this interpleader action, was the owner and/or operator of the MSC AMSTERDAM.

7.       In September and October, 2005, Mediterranean Shipping transported a shipment of eighteen containers of copper cathodes from Durban, South Africa, to Shanghai, China.

8.       Upon arrival in Shanghai, China, a dispute arose between Mediterranean Shipping and Ningbo Toptrade, another defendant in this interpleader action, regarding the copper cathodes resulting in a seizure of said shipment by customs authorities at the Port of Shanghai; based on Plaintiff's information and belief, the copper cathodes in question remain in the custody of the customs officials at the Port of Shanghai.

9.       Thereafter, Mediterranean Shipping instituted a legal proceeding in the English High Court[1], identified as Claim No. 2006 Folio 1227, alleging that Ningbo Toptrade presented a fraudulent bill of lading for the containers of copper cathodes when they arrived at the Port of Shanghai and that said fraud constituted an illegal conversion of said cargo. Mediterranean Shipping ultimately claimed that as a result of Ningbo Toptrade's illegal conversion of the

---

[1] The High Court of Justice, Queen's Bench Division, Commercial Court.

copper cathodes, the rightful owners of the cargo (Trafigura Beheer BV and Shanghai HMC Co., Ltd.) obtained a judgment against Mediterranean Shipping in the amount of $2,649,554.93 related to Mediterranean Shipping's failure to deliver the cargo. This lawsuit will be referred to hereafter as the "English High Court Action."

10.     On May 3, 2006, Mediterranean Shipping also commenced a proceeding in the United States District Court for the Southern District of New York, captioned Mediterranean Shipping Company, S.A., v. Ningbo Toptrade Imp Exp. Co., Ltd., and docketed at Civil Action No. 06-3391 (MGC), to obtain security for its alleged losses pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11.     On December 21, 2006, the United States District Court for the Southern District of New York entered an "Ex Parte Order for Process of Maritime Attachment" pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure attaching all tangible and intangible property of Ningbo Toptrade in the possession of BNY Mellon, and others. See December 21, 2006 Order, attached hereto as Exhibit "A."[2]

12.     On July 11, 2007, pursuant to the December 21, 2006 "Ex Parte Order for Process of Maritime Attachment" issued by the United States District Court for the Southern District of New York,  Plaintiff BNY Mellon restrained an electronic funds transfer ("EFT") in the amount of $500,000.00, originating from Ninbgo Toptrade, by and through Industrial Bank Co., Ltd., as the remitting bank, for the benefit of Topfull International Corporation. See July 12, 2007 correspondence from Carl D. Buchholz, III, Esquire, to Peter Skoufalos, Esquire, attached hereto as Exhibit "B."

---

[2] Although the December 21, 2006 Order specifically excepted "intermediate wire transfers or electronic funds transfers of which [Ningbo Toptrade] are the ultimate beneficiaries," Ningbo Toptrade was not the "ultimate beneficiary" with respect to the electronic fund transfer at issue in this interpleader action; rather, Ningbo Toptrade was the remitting party and, consequently, the above-mentioned exception was not applicable to the EFT funds restrained by BNY Mellon in response to the December 21, 2006 Order.

13.     Additionally, in the English High Court Action, Mediterranean Shipping sought and obtained a "Freezing Injunction" against Ningbo Toptrade prohibiting Ningbo Toptrade from removing, disposing of, or diminishing the value of it assets located in England and Wales, as well as [a]ny money in the possession of and/or under the control of and/or attached by the Bank of New York Mellon…." which included the above-mentioned EFT funds already being restrained by BNY Mellon pursuant to the Rule B attachment order.   See August 7, 2008 Freezing Injunction, attached hereto as Exhibit "C."

14.     Subsequently, on or about October 3, 2008, Mediterranean Shipping obtained a judgment in the English High Court Action against Defendant Ningbo Toptrade in the amount of $2,000,000.00, plus "a further amount to be decided by the Court."    A copy of the October 3, 2008 Judgment is attached hereto as Exhibit "D."

15.     Upon receipt of the judgment in England,   Mediterranean Shipping   sought recognition of the judgment in the United States.  On September 29, 2010, in  the  context of the original maritime proceeding, Mediterranean Shipping obtained  the recognition of the above-mentioned judgment of the English High Court in United States District Court for the Southern District of New York which granted judgment in favor of Mediterranean Shipping and against Ningbo Toptrade in the amount of $2,000,250.00.  A copy of the September 29, 2010 Judgment is attached hereto as "Exhibit "E."

16.     The September 29, 2010 Judgment does not, however, order the release or turnover of any tangible or intangible property being restrained pursuant to the December 21, 2006 "Ex Parte Order for Process of Maritime Attachment."  See Exhibit "E."

17.     Based on information and belief, Ningbo Toptrade has appealed the September 29, 2010 Judgment with the United States Court of Appeals for the Second Circuit to the extent that said Judgment instructs that the case be marked closed.

18.     Ningbo Toptrade has not, however, sought to stay enforcement of the judgment, and on November 1, 2010, Mediterranean Shipping had a Federal Writ of Execution served on BNY Mellon seeking turn over of the $500,000.00 EFT being restrained by BNY Mellon pursuant to the December 21, 2006 "Ex Parte Order for Process of Maritime Attachment."

19.     Since no court order directing the release of funds has been issued by the United States District Court for the Southern District of New York, and since there is an ongoing dispute between Mediterranean Shipping and Ningbo Toptrade regarding whether the judgment entered by the United States District Court for the Southern District of New York on September 29, 2010, can be enforced against the EFT funds in the possession of BNY Mellon, BNY Mellon has not released the funds to Mediterranean Shipping.

20.     In view of the competing claims and conflicting instructions received from the parties regarding the disposition of the EFT funds being held by BNY Mellon, counsel for BNY Mellon sent a letter to The Honorable Miriam Goldman Cedarbaum requesting entry of an order permitting it to deposit the funds with the Registry of the United States District Court for the Southern District of New York to enable the parties to resolve the matter with the Court; BNY Mellon has no independent interest in the funds. See December 3, 2010 correspondence from Robert A. Fitch, Esquire, to The Honorable Miriam Goldman Cedarbaum, attached hereto as Exhibit "F." Ningbo Toptrade agreed with BNY Mellon's offer to deposit the funds with the Court's Registry, but Mediterranean Shipping did not. See December 7, 2010 correspondence from Peter Skoufalos, Esquire, to the The Honorable Miriam Goldman Cedarbaum, attached

hereto as Exhibit "G"; see also December 8, 2010 correspondence from Keith B. Dalen, Esquire, to The Honorable Miriam Goldman Cedarbaum, attached hereto as Exhibit H."

21.      Additionally, on or about December 1, 2010, Mediterranean Shipping filed a "Petition for a Turnover Order Pursuant to CPLR §§ 5225 and 5227" in the Supreme Court of the State of New York, County of New York, docketed at Index No. 16115618, against BNY Mellon seeking an Order from the state court to release the funds subject to attachment pursuant to a federal court order.  See Petition, attached hereto as Exhibit "I."

22.      Moreover, as the remitting bank, Defendant Industrial Bank Co., Ltd., has a stake in the EFT funds at issue in this matter.

23.      Now, faced with a state court lawsuit seeking release of the EFT funds being held by BNY Mellon pursuant to a federal court "Order for Process of Maritime Attachment" and, therefore, potentially conflicting court orders regarding the restraint and/or release of the EFT funds, coupled with competing claims for the EFT funds and conflicting case law regarding whether the September 29, 2010 Judgment can be enforced against the EFT funds restrained by BNY Mellon[3], BNY Mellon files this interpleader action permitting it to deposit the EFT funds (in the amount of $500,000.00) with the Court's Registry so that the issue regarding to whom the EFT funds should be released, and when, can be resolved by this Court.  BNY Mellon is a mere stakeholder, with no independent interest in the EFT funds.

### Count I:  Interpleader and Declaratory Relief

24.      Plaintiff BNY Mellon incorporates by reference paragraphs 1 through 24 of this Interpleader Complaint as if the same were set forth herein at length.

---

[3] See i.e - Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd, 585 F.3d 58 (2d Cir. 2009); Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (2d Cir. 2009).

25.     The claims of Mediterranean Shipping, Ningbo Toptrade, and Industrial Bank Co., Ltd., for the EFT funds at issue in this interpleader action are competing.

27.     BNY Mellon is unable to determine whether to release the currently-restrained EFT funds in the amount of $500,000.00 pursuant to the September 29, 2010 Judgment and, if so, to whom due to the competing claims.

28.     BNY Mellon is a mere stakeholder, with no independent claim in the EFT funds, with the exception of reasonable attorney's fees and costs incurred in relation to this Interpleader Complaint.

29.     BNY Mellon is an innocent entity and has in no way colluded with any of the parties claiming an interest in the EFT funds.

30.     As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the EFT funds currently restrained under the December 21, 2006 "Ex Parte Order for Process of Maritime Attachment" of the United States District Court for the Southern District of New York are paid to the proper entity.

WHEREFORE, BNY Mellon respectfully requests that this Court enter an Order:

(A)     Directing BNY Mellon to deposit the above-mentioned EFT funds totaling $500,000.00 into the Registry of this Court to await resolution of entitlement to said EFT funds;

(B)     Discharging BNY Mellon from any and all liability related to the EFT funds;

(C)     Enjoining any parties, named or unnamed, from initiating any action against BNY Mellon, or from further prosecuting any existing action, including the above-mentioned action currently pending in the Supreme Court for the State of New York at Index No. 16115618, regarding the EFT funds at issue in this interpleader action; and

(D)     Awarding to BNY Mellon its fees and costs together with any other relief this Court deems fair and just.

RAWLE & HENDERSON LLP

By: _____

Robert A. Fitch, Esquire (RF2198)
Attorneys for The Bank of
    New York Mellon
14 Wall Street, 27th Floor
New York, NY  10005
(212) 323-7070

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON,  :  CIVIL ACTION
     Plaintiff      :

             :  Case No.: _____

     v.        :

             :

MEDITERRANEAN SHIPPING   :
COMPANY, S.A.,        :
  and           :
NINGBO TOPTRADE IMP. AND EXP. :
CO. LTD.,          :

## **ORDER**

AND NOW, this    day of      , 2011, it is hereby ORDERED:

(A)  BNY Mellon shall deposit the EFT funds totaling $500,000.00, as more specifically identified in its Complaint, into the Registry of this Court;

(B)  BNY Mellon is discharged from any and all liability related to the EFT funds;

(C)  All parties, named or unnamed, are enjoined from initiating any action against BNY Mellon, or from prosecuting any existing action, including the action pending in the Supreme Court for the State of New York at Index No. 16115618, regarding the EFT funds being deposited into the Registry of this Court pursuant to subsection (A) of this Order;

(D)  BNY Mellon is warded all fees and costs incurred in filing this action.

                 **BY THE COURT:**

               _____

                       , J.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Complaint for Interpleader and Declaratory Relief was filed with the Court via had delivery and was served on the below listed counsel of record through the same means:

Peter Skoufalos, Esquire
Patrick R. O'Mea, Esquire
BROWN, GAVALAS & FROMM LLP
355 Lexington Avenue
New York, NY 10017
Attorneys for Mediterranean Shipping Company S.A.
BY HAND

Keith B. Dalen, Esquire
Brian P. Eisenhower, Esquire
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Attorneys for Ningbo Toptrade Imp. and Exp. Co. Ltd.
BY HAND

By: _____
Robert A. Fitch (RF2198)

Date: ___1 | 10 | 11___

4200148-1

# Exhibit "A"

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
MEDITERRANEAN SHIPPING
COMPANY S.A.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MEDITERRANEAN SHIPPING
COMPANY S.A.,                                          06 CV 3591 (MGC)

           Plaintiff,

   -against-

NINGBO TOPTRADE IMP. EXP. CO. LTD.,
TOPTRADE RECYCLING (USA) INC., and
NEWDEH LEE, an Individual.

          Defendants.
----------------------------------------------------------X

## EX PARTE ORDER FOR
### PROCESS OF MARITIME ATTACHMENT

    WHEREAS, on December 21, 2006, Plaintiff, MEDITERRANEAN SHIPPING

COMPANY S.A., filed a Second Amended Verified Complaint herein for damages

amounting to $3,665,257.55, inclusive of interest, and praying for the issuance of Process

of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and

Civil Procedure; and

    WHEREAS, the Process of Maritime Attachment and Garnishment would

command that the United States Marshal or other designated process server attach any

and all of Defendant's property within the District of this Court; and

07/10/2007  09:11    2129035991          BROWN GAVALAS FROMM              PAGE  03/06

WHEREAS, the Court has reviewed the amended Verified Complaint and the _(as well as the decision of the High Court of Justice, Queen's Bench Division)_ Supporting Affidavit and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this district, including but not limited to Bank of China, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Citibank; Bank of China and Wachovia Bank, which are believed to be due and owing to the Defendants in an amount up to and including $3,665,257.55 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

ORDERED that the Process of Attachment and Garnishment may be served by any individual over 18 years old who is not a party in the case.

ORDERED that the following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or electronic mail to each garnishee; and it is further

ORDERED that service on any garnishee as described above is deemed effective, continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued

2

07/10/2007  09:11    2129835991          BROWN GAVALAS FROMM                    PAGE  04/06

by the Clerk upon application from Plaintiff without further Order of the Court; and it is

further

   **ORDERED** that a copy of this Order be attached to and served with said Process

of Maritime Attachment and Garnishment. ✳

Dated: New York, New York
~~December 21, 2006~~

                    SO ORDERED:

                    _Miriam Goldman Cedarbaum,_
                    U.S.D.J.
                    May 21, 2007

   ✳ Further ordered that in no event shall intermediate
mGC  wire transfers or electronic fund transfers of which
     Defendants are the ultimate beneficiaries be
     restrained pursuant to this order.

                    A CERTIFIED COPY
                    J. MICHAEL McMAHON.              CLERK

                    BY
                          DEPUTY CLERK

5

NJ-LEGAL DEPT.          Fax:9733577567       Jul 11 2007 11:47        P. 05

07/10/2007  09:11   2129835991                    BROWN GAVALAS FROMM                    PAGE  05/06

**SUPPLEMENTAL**             06 CV 3391 (MGC)

**THE PRESIDENT OF THE UNITED STATES OF AMERICA**

To the Marshal of the Southern District of New York (or designated process server)

GREETINGS:

WHEREAS a Second Amended Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 21st day of December, 2006 by

MEDITERRANEAN SHIPPING
COMPANY S.A.,

Plaintiff,

-against-

NINGBO TOPTRADE IMP. EXP. CO. LTD.,
TOPTRADE RECYCLING (USA) INC., and
NEWDEH LEE, an Individual,

Defendants.

In a certain action for maritime indemnity, fraud and deceit, conversion and other maritime torts, wherein it is alleged that there is due and owing from the Defendants to the said Plaintiff the amount of $3,665,257.55 and praying for process of maritime attachment and garnishment against the Defendants NINGBO TOPTRADE IMP. EXP. CO. LTD., TOPTRADE RECYCLING (USA) INC., and NEWDEH LEE.

WHEREAS, this process is issued pursuant to such prayer and requires that garnishees shall serve their answers, together with answers to any interrogatories served with the Verified Complaint, within 20 days after service of process upon them and requires that the Defendants shall serve their answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if said Defendants cannot be found within the District, pursuant to federal Supplemental Rule B for Certain Admiralty and Maritime Claims, you garnish and attach goods and chattels up to the amount sued for, $3,665,257.55; and if such property cannot be found that you attach money, accounts, bunkers, goods and chattels or credits and effects of Defendants up to the amount sued for, $3,665,257.55, in the hands of or under the control or custody of: American Express Bank, Ltd.; ABN-AMRO Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Citibank; Bank of China and Wachovia Bank, which are believed to be due and owing to the Defendants, to wit property including moneys or accounts owned by Defendants, owed to Defendants, or

alleged to be owed to Defendants, deposits, letters of credit, funds, credits, bills of lading, electronic funds transfers or other assets or property in whatever form of NINGBO TOPTRADE IMP. EXP CO. LTD., TOPTRADE RECYCLING (USA) INC., and NEWDEH LEE, and that you promptly after the execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable Miriam Goldman Cedarbaum, Judge of said Court, this 25 day of May, 2007.

By: _J. Michael McMahon_
Clerk

By: _____
Deputy Clerk

Attorneys for Plaintiff:

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
MEDITERRANEAN SHIPPING COMPANY S.A.
355 Lexington Avenue
New York, New York 10017
212-983-8500

NOTE:     This process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

A CERTIFIED COPY
J. MICHAEL McMAHON,          CLERK

BY _____
       DEPUTY CLERK

# Exhibit "B"

# RAWLE & HENDERSON LLP



THE NATION'S OLDEST LAW OFFICES
ESTABLISHED 1783

WWW.RAWLE.COM

CARL D. BUCHHOLZ, III
215-575-4235
cbuchholz@rawle.com

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

July 12, 2007

**Via Email: pskoufalos@browngavalas.com**
Peter Skoufalos, Esquire
Brown, Gavalas & Fromm, LLP
355 Lexington Avenue
New York, NY  10017

Re:   **Mediterranean Shipping Company S.A. v. Ningbo Toptrade, et al.**
      **– Docket No.: 06-3391 (S.D.N.Y.)**
      **Our File No.:  442,183-324**

Dear Mr. Skoufalos:

Pursuant to the writ of maritime attachment served by you on behalf of Mediterranean Shipping Company S.A. on The Bank of New York, funds being wired transferred through the Bank from Ningbo Toptrade Imp. and Exp. Co. Ltd., in the amount of $500,000.00 were restrained on July 11, 2007.

Pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York, please notify defendant of the restraint of these funds and provide the undersigned with confirmation of the notification.

If you have any additional questions regarding the restrained funds, please give me a call.

Very truly yours,

RAWLE & HENDERSON LLP

By:
        Carl D. Buchholz, III
        Lilian V. Philiposian
CDB/LVP/kg
cc:    Robyn Monaco – Email: rmonaco@bankofny.com

2109661-1

# Exhibit "C"

2006 Folio 107

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

BEFORE THE HONOURABLE MR JUSTICE WALKER

BETWEEN:



MEDITERRANEAN SHIPPING COMPANY S.A.

Claimant/Applicant

-and-

(1) O.M.G. INTERNATIONAL LIMITED

(2) OSBORNE MARTIN GRANT

First & Second Defendants

(3) NINGBO TOPTRADE IMP & EXP CO LIMITED

Third Defendant/Respondent

PENAL NOTICE

If you NINGBO TOPTRADE IMP & EXP CO LIMITED disobey this order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.

Any other person who knows of this order and does anything which helps or permits the Respondent to breach the terms of this order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.

THIS ORDER

1.  This is a Freezing Injunction made against NINGBO TOPTRADE IMP & EXP CO LIMITED ("the Respondent") on 4 August 2008 by Mr Justice Walker, incorporating revisions made to paragraph 9(1) within on 7 August 2008 by Mr Justice Walker, on the application of MEDITERRANEAN SHIPPING COMPANY S.A. ("the Applicant"). The Judge on 4 August 2008 read the Affidavits listed in Schedule A and accepted the undertakings set out in paragraphs (1) to (9) of Schedule B at the end of this Order. Before revising the order on 7 August 2008 the judge read an email dated 6 August 2008 from

1

counsel, Mr Chirag Karia, on behalf of the Applicant and on 7 August 2008 the judge accepted the undertaking set out in paragraph (10) of Schedule B at the end of this Order.

2.   This order was made on 4 August at a hearing with notice to the Respondent, and revised on consideration of the matter on the papers on 7 August 2008. The Respondent has a right to apply to the court to vary or discharge the order – see paragraph 13 below.

3.   There will be a further hearing in respect of this order on 1 September 2008 with a time estimate of 1 hour ("the return date").

4.   If there is more than one Respondent-

   (a)   unless otherwise stated, references in this order to "the Respondent" mean both or all of them; and

   (b)   this order is effective against any Respondent on whom it is served or who is given notice of it.

## FREEZING INJUNCTION

5.   Until the return date or further order of the court, the Respondent must not-

   (1)   remove from England and Wales any of its assets which are in England and Wales up to the value of US$ 5,690,855.55; or

   (2)   in any way dispose of, deal with or diminish the value of any of its assets whether they are in or outside England and Wales up to the same value.

6.   Paragraph 5 applies to all the Respondent's assets whether or not they are in its own name and whether they are solely or jointly owned. For the purpose of this order the Respondent's assets include any asset which it has the power, directly or indirectly, to dispose of or deal with as if it were its own. The Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with its direct or indirect instructions.

7.   This prohibition includes the following assets in particular-

   (a)   Any money in the possession of and/or under the control of and/or attached by the Bank of New York Mellon of One Wall Street, New York 10286, USA as identified in the attached letter of Rawle & Henderson LLP dated 12 July 2007.

2

8.      If the total value free of charges or other securities ("unencumbered value") of the Respondent's assets in England and Wales exceeds US$ 5,690,855.55, the Respondent may remove any of those assets from England and Wales or may dispose of or deal with them so long as the total unencumbered value of the Respondent's assets still in England and Wales remains above US$ 5,690,855.55.

(2)     If the total unencumbered value of the Respondent's assets in England and Wales does not exceed US$ 5,690,855.55, the Respondent must not remove any of those assets from England and Wales and must not dispose of or deal with any of them.  If the Respondent has other assets outside England and Wales, it may dispose of or deal with those assets outside England and Wales so long as the total unencumbered value of all its assets whether in or outside England and Wales remains above US$ 5,690,855.55.

## PROVISION OF INFORMATION

9.      (1)     Unless paragraph (2) applies, the Respondent must AT OR BEFORE 4 pm on 18 August 2008 and to the best of its ability inform the Applicant's solicitors of all its assets worldwide exceeding US$1,000 in value whether in its own name or not and whether solely or jointly owned, giving the value, location and details of all such assets.

(2)     If the provision of any of this information is likely to incriminate the Respondent, it may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information.  Wrongful refusal to provide the information is contempt of court and may render the Respondent liable to be imprisoned, fined or have its assets seized.

10.     Within 10 working days after being served with this order, the Respondent must swear and serve on the Applicant's solicitors an affidavit setting out the above information.

## EXCEPTIONS TO THIS ORDER

11.     (1)     This order does not prohibit the Respondent from spending £ 1,000 a week towards its ordinary business expenses and also a reasonable sum on legal advice and representation.   But before spending any money the Respondent must tell the Applicant's legal representatives where the money is to come from.

(2)     This order does not prohibit the Respondent from dealing with or disposing of any of its assets in the ordinary and proper course of business.

(3)     The Respondent may agree with the Applicant's legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

3

(4). The order will cease to have effect if the Respondent-

    (a)    provides security by paying the sum of US$ 5,690,855.55 into court, to be held to the order of the court; or

    (b)    makes provision for security in that sum by another method agreed with the Applicant's legal representatives.

## COSTS

12. The costs of this application are reserved to the judge hearing the application on the return date.

## VARIATION OR DISCHARGE OF THIS ORDER

13. Anyone served with or notified of this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Applicant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's solicitors in advance.

## INTERPRETATION OF THIS ORDER

14. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

15. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE APPLICANT AND RESPONDENT

16. **Effect of this order**

It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

17. **Set off by banks**

This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the respondent before it was notified of this order.

18. **Withdrawals by the Respondent**

4

15. NOV. 2009 14:23    HILL DICKINSON LLP                                    NO. 1800   P. 8

No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this order.

19.   **Persons outside England and Wales**

(1)   Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

(2)   The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court -

(a)   the Respondent or its officer or agent appointed by power of attorney;

(b)   any person who-

(i)   is subject to the jurisdiction of this court;

(ii)   has been given written notice of this order at his or its residence or place of business within the jurisdiction of this court; and

(iii)   is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

(c)   any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

20.   **Assets located outside England and Wales**

Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with-

(1)   what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(2)   any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicant's solicitors.

5

21. **Service Upon the Respondent**

(1)   The Applicant shall serve copies of (a) this order; (b) the 2nd Affidavit of Electra Panayotopoulos sworn on 23 July 2008 (excluding exhibits); (c) the Affidavit of Mr. Peter Skoufalos sworn on 15 July 2008 (incorrectly dated 15 July 2007) (excluding exhibits); (d) the 10th Witness Statement of Electra Panayotopoulos dated 1 August 2008 (excluding exhibits); and (e) the Applicant's counsel's Skeleton Argument dated 1 August 2008 as follows:

(i)   By fax or email on the Respondent at fax: +86-574-87725651 / 87712633; e-mail: toptrade@ningbo.ongb.com.

(ii)   By fax or email on the Respondent's US attorneys, Hill Rivkins & Hayden LLP, attn Keith B. Dalen; Email: kdalen@hillrivkins.com; Fax: 001-212-669-0698.

(2)   In addition, the Applicant shall send a copy of the hearing bundles used at the hearing before the Court on 4 August by courier to the Respondent at Floor 11, Finance Trade Center, Xiagang, Unit development Zone, Ninbo City, Zhejiang Province, Peoples Republic of China.

Service as aforesaid shall be deemed good and effective service upon the Respondent.

## COMMUNICATIONS WITH THE COURT

All communications to the court about this order should be sent to Room E201, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number. The telephone number is 020 7947 6826.

The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.

## SCHEDULE A

### AFFIDAVITS AND WITNESS STATEMENTS

The Applicant relied on the following affidavits and witness statements:-

(1)        2nd Affidavit of Electra Panayotopoulos sworn on 23 July 2008;

(2)        A copy of the Affidavit of Mr. Peter Skoufalos sworn on 15 July 2008 (incorrectly dated 15 July 2007); and

(3)        10th Witness Statement of Electra Panayotopoulos dated 1 August 2008;

all filed on behalf of the Applicant.

## SCHEDULE B

### UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANT

(1)     If the court later finds that this order has caused loss to the Respondent, and decides that the Respondent should be compensated for that loss, the Applicant will comply with any order the court may make.

(2)     The Applicant will, as soon as practicable, file the Affidavit of Mr. Peter Skoufalos sworn on 15 July 2008 (incorrectly dated 15 July 2007), with the Court.

(3)     The Applicant will serve upon the Respondent as soon as practicable:-

   (i)      copies of the affidavits and exhibits containing the evidence relied upon by the Applicant, and any other documents provided to the court on the making of the application;

   (ii)     this order; and

   (iii)    an application notice for continuation of the order.

(4)     Anyone notified of this order will be given a copy of it by the Applicant's legal representatives.

(5)     The Applicant will pay the reasonable costs of anyone other than the Respondent which have been incurred as a result of this order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the court may make.

7

(6)     If this order ceases to have effect (for example, if the Respondent provides security or the Applicant does not provide a bank guarantee as provided for above) the Applicant will immediately take all reasonable steps to inform in writing anyone to whom it has given notice of this order, or who it has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

(7)     The Applicant will not without the permission of the court use any information obtained as a result of this order for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this claim.

(8)     The Applicant will not without the permission of the court seek to enforce this order in any country outside England and Wales or seek an order of a similar nature including orders conferring a charge or other security against the Respondent or the Respondent's assets.

(9)     The Applicant will, as soon as practical, transmit copies of (a) this order; (b) the 2nd Affidavit of Electra Panayotopoulos sworn on 23 July 2008 (excluding exhibits); (c) the Affidavit of Mr. Peter Skoufalos sworn on 15 July 2008 (incorrectly dated 15 July 2007) (excluding exhibits); (d) the 10th Witness Statement of Electra Panayotopoulos dated 1 August 2008 (excluding exhibits); and (e) the Applicant's counsel's Skeleton Argument dated 1 August 2008 to the Respondent's Chinese lawyers either directly or via the Applicant's Chinese lawyers, Messrs. Rolmax.

(10)    The Applicant will, as soon as practical, transmit copies of Mr Karia's email dated 6 August 2008, of the draft Order enclosed with that email but not the other enclosures, and of this Order to:

    (a)     the Respondent either directly or through the Applicant's Chinese lawyers, Messrs Flower & May

    (b)     the Respondent's us attorneys' Rivkins & Hayden, directly by fax and/ or email

    (c)     the Respondent's Chinese lawyers either directly or through the Applicant's Chinese lawyers, Messrs Rolmax

## NAME AND ADDRESS OF APPLICANT'S LEGAL REPRESENTATIVES

The Applicant's legal representatives are:-

Messrs. Hill Dickinson LLP
Irongate House
Duke's Place
London EC3A 7HX

Attn: Electra Panayotopoulos

8

Tel: +44 (0)20-7283-9033
Fax: +44 (0)20-7283-1144

DX 550 City of London

9

# Exhibit "D"

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

Mrs Justice Gloster

BETWEEN:

2006 Folio 1227



MEDITERRANEAN SHIPPING COMPANY S.A.

<u>Claimant</u>

-and-

(1)   O.M.G. INTERNATIONAL LIMITED

<u>First Defendant</u>

(2)   OSBORNE MARTIN GRANT

<u>Second Defendant</u>

(3)   NINGBO TOPTRADE IMP & EXP CO LIMITED

<u>Third Defendant</u>

---

JUDGMENT ORDER

---

Upon considering the application and evidence submitted by the Claimant

IT IS HEREBY ORDERED THAT:-

1.   Judgment in default of service of a Defence is hereby entered in favour of the Claimant against the Third Defendant as to liability.

2.   Judgment is hereby entered in favour of the Claimant against the Third Defendant in the sum of US$2,000,000.00 (Two Million United States Dollars).

3.   Judgment is hereby entered in a further amount to be decided by the Court. The Claimant has liberty to apply for the ascertainment of that sum.

4.   The Third Defendant to pay the Claimant's costs occasioned by this application, to be formally assessed if not agreed.

Dated: 3rd October 2008.

**APOSTILLE**

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND

1.  Country: United Kingdom of Great Britain and Northern Ireland
    Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

    This public document / Le présent acte public

2.  Has been signed by
    a été signé par

3.  Acting in the capacity of
    agissant en qualité de

4.  Bears the seal/stamp of      Admiralty and Commercial Registry
    est revêtu du sceau/timbre de

                                            Certified/Attesté
5.  at London/à Londres          6. the/le   05 May 2009

7.  by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
    par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangéres et du Commonwealth.

8.  Number/sous No      Í141290

9.  Stamp:                                    10. Signature:   S Leggett 
    timbre:



*For the Secretary of State · Pour le Secrétaire d'Etat*

If this document is to be used in a country which is not party to the Hague Convention of 5 October 1961, it should be presented to the consular section of the mission representing that country. An apostille or legalisation certificate only confirms that the signature, seal or stamp on the document is genuine. It does not mean that the contents of the document are correct or that the Foreign & Commonwealth Office approves of the contents.

# Exhibit "E"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MEDITERRANEAN SHIPPING COMPANY S.A.,

                  *Plaintiff,*

-against-

NINGBO TOPTRADE IMP. EXP. CO. LTD., *et al.,*

                  *Defendants.*

---------------------------------------------------------------X

06 Civ. 3391 (MGC)

~~[PROPOSED]~~
__JUDGMENT__

       WHEREAS plaintiff Mediterranean Shipping Company S.A. ("Plaintiff") commenced this action on May 3, 2006, by filing a Summons and Verified Complaint, seeking to obtain security for its claims against defendant Ningbo Toptrade Import Export Company Ltd. ("Defendant") pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, and Plaintiff filed an Amended Verified Complaint on September 15, 2006, and a Second Amended Verified Complaint on December 21, 2006; and

       WHEREAS the English High Court of Justice, Queens Bench Division, Commercial Court issued a Judgment Order on October 3, 2008, granting Plaintiff judgment in the amount of $2,000,000, plus an additional amount to be ascertained by the English High Court; and

       WHEREAS Plaintiff moved this Court for an order pursuant to Article 53 of the New York Civil Practice Law and Rules recognizing and enforcing the October 3, 2008 Judgment of the English High Court; and

       WHEREAS, by Order dated July 15, 2010, this Court granted Plaintiff's motion to recognize and enforce the October 3, 2008 Judgment of the English High Court.

       **NOW, THEREFORE, IT IS HEREBY**

       **ORDERED, ADJUDGED, AND DECREED** that Judgment be entered against

Defendant and in favor of Plaintiff in the amount of $2,000,000.00 (Two Million Dollars), plus

costs in the amount of $250.00, plus interest at the rate of 9% per annum from the date of entry

of this Judgment until paid, and that Plaintiff shall have immediate execution thereon.

**ENTER**

Dated: New York, New York

September 28, 2010

Close Case

Honorable Miriam Goldman Cedarbaum
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

2

# Exhibit "F"

# RAWLE & HENDERSON LLP



ROBERT A. FITCH
212-323-7060
rfitch@rawle.com

The Nation's Oldest Law Office • Established in 1783

**www.rawle.com**

14 WALL STREET
27TH FLOOR
NEW YORK, NY 10005

TELEPHONE:(212) 323-7070
FACSIMILE:(212) 323-7099

December 3, 2010

The Honorable Miriam Goldman Cedarbaum
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    **Mediterranean Shipping Company S.A. v. Ningbo Toptrade**
> **Imp. Exp. Co., Ltd.**, *et al.*
> **United States District Court for the Southern District of New York**
> **Docket Number 06-CV-3391 (MGC)**
> **Our File No. 442,183-324**

Dear Judge Cedarbaum:

We represent The Bank of New York Mellon ("BNY Mellon") as garnishee in connection with the above captioned matter.

On July 11, 2007, pursuant to a Rule B Maritime Writ of Attachment, BNY Mellon restrained an electronic funds transfer ("EFT") in the amount of $500,000.00, originating from Ningbo Toptrade Imp. and Exp. Co., Ltd. for the benefit of Topfull International Corp. Pursuant to the Writ of Attachment, these funds presently remain restrained at BNY Mellon.

On November 1, 2010, plaintiff Mediterranean Shipping Company S.A. caused the U.S. Marshals Service to serve a Writ of Execution upon The Bank, seeking to enforce the judgment entered by the Court on September 29, 2010 in the amount of $2,000,250.00 against the $500,000.00 restrained at BNY Mellon.

After correspondence and multiple telephone conversations with counsel for the parties, it has become clear that there exists an ongoing dispute between the parties as to whether the Judgment entered by the Court can be enforced against the EFT funds restrained by BNY Mellon in light of the Second Circuit Court of Appeals decisions in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd,* 585 F.3d 58 (2d Cir. 2009) and *Hawknet, Ltd. v. Overseas Shipping*

4148656-1

R A W L E & H E N D E R S O N LLP

Ningbo Toptrade Imp. Exp. Co., Ltd - SDNY 06-3391
December 3, 2010
Page 2

*Agencies,* 590 F.3d 87 (2d Cir. 2009). Indeed, this appears to be one of the issues which the defendant is pursuing with an appeal of this matter to the Second Circuit Court of Appeals.

As the garnishee of the EFT funds, BNY Mellon is a mere stakeholder, with no independent interest in the subject funds. In view of the competing claims and conflicting instructions received from the parties regarding the disposition of the EFT funds held by BNY Mellon, we write to request the Court enter an order directing BNY Mellon to deposit the EFT funds into the Registry of the Court, and discharging BNY Mellon's obligations as garnishee in this action. A proposed form of Order is attached.

We thank the Court for its consideration of this request, and look forward to the Court's decision in connection with this request.

Very truly yours,

RAWLE & HENDERSON LLP

By: Robert A. Fitch

RAF/klm
Enclosure

cc:    Peter Skoufalos, Esq.
       Keith B. Dalen, Esq.

4148656-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY S.A., | 06 CV 3391 (MGC) |
| Plaintiff, | |
| -against- | |
| NINGBO TOPTRADE IMP. EXP. CO., LTD., *et al.*, | |
| Defendants. | |

## ORDER DIRECTING BNY MELLON TO PAY
## ATTACHED FUNDS INTO THE REGISTRY OF THE DISTRICT COURT

The Bank of New York Mellon ("BNY Mellon"), a garnishee of alleged assets of defendant Ningbo Toptrade Imp. Co., Ltd., pursuant to a maritime writ of attachment issued in the above-captioned maritime action, having applied for an order directing BNY Mellon to pay the funds into the registry of the Court, and good cause having been shown for such an order,

**IT IS HEREBY ORDERED** that, pursuant to Rule B(3)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, BNY Mellon shall pay the Attached Funds into the registry of the Court, and BNY Mellon shall have discharged its obligations as garnishee in this action upon making such payment of the Attached Funds into the registry of the Court.

DONE this _____ day of _____, 2010.

_____
Honorable Miriam Goldman Cedarbaum
United States District Judge

4148514-1

# Exhibit "G"

BROWN GAVALAS & FROMM LLP

355 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
——
TEL: (212) 983-8500
FAX: (212) 983-5946
www.browngavalas.com
bgmail@browngavalas.com

NEW JERSEY OFFICE
——
1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A. GAVALAS
(1976-1999)
ROBERT J. SEMINARA
(1987-1999)

December 7, 2010

**BY HAND**

The Honorable Miriam Goldman Cedarbaum
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Mediterranean Shipping Company S.A. v. Ningbo Toptrade Imp. Exp. Co. Ltd., et al.
     Case No.: 06 Civ. 3391 (MGC)
     Our File No.: 794.0014

Dear Judge Cedarbaum:

We represented the plaintiff, Mediterranean Shipping Company S.A. ("MSC"), in this now-closed action. We write to respond to the December 3, 2010 letter from the Bank of New York Mellon ("BNY Mellon"), through its counsel, Rawle & Henderson LLP, to the Court.

BNY Mellon asks the Court to issue an order directing it to deposit funds belonging to the defendant/judgment debtor, Ningbo Toptrade Imp. Exp. Co. Ltd., into the Court's registry. As discussed below, BNY Mellon's request is improper and the funds should be turned over immediately to MSC in partial satisfaction of the judgment entered by this Court in favor of MSC and against Ningbo on September 29, 2010.

By way of background, on September 29, 2010, the Court granted MSC judgment in the amount of $2,000,250 in recognition of a judgment of the English High Court in favor of MSC and against Ningbo. This Court's judgment is enforceable, and Ningbo has not sought to stay its enforcement. Ningbo has, however, appealed that part of the judgment that states "close case". Based on documents filed with the Second Circuit Court of Appeals, it appears that Ningbo will assert that the Court improperly closed the case without ruling on a previous order to show cause. MSC commenced this action to obtain security pursuant to Rule B for a potential judgment in favor of MSC and against Ningbo for damages caused by Ningbo's fraud and forgery. Pursuant to an attachment Order issued by the Court, BNY Mellon attached $500,000

BROWN GAVALAS & FROMM LLP

Hon. Miriam Goldman Cedarbaum
December 7, 2010
Page 2 of 3

belonging to Ningbo as the funds passed through BNY Mellon en route to a third party. The attached funds remain with BNY Mellon to date.

BNY Mellon's request to deposit the funds with the Court's registry is improper because the funds are subject to a Writ of Execution served by the U.S. Marshal on BNY Mellon on November 1, 2010. Despite the existence of a valid judgment against Ningbo and proper service of the Writ of Execution, BNY Mellon refuses to turn the attached funds over to MSC. BNY Mellon gives no reason for its refusal, other than the existence of Ningbo's pending appeal (in which no stay of execution has been sought or granted).

The Second Circuit's recent Rule B-related decisions do not affect the execution of judgments in New York. The range of assets available for enforcement of a judgment under CPLR § 5201 is far broader than the scope of "property" subject to attachment under Rule B. Rule B merely permits the attachment of "the defendant's tangible or intangible property." Under CPLR § 5201, however, a judgment can be enforced against "any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor, whether it was incurred within or without the state, to or from a resident or non resident" (CPLR § 5201(a)) and against "any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested" (CPLR § 5201(b)).

Indeed, in *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, No. 09-5368-cv, 2010 U.S. App. LEXIS 18136 (2d Cir. Aug. 31, 2010), the Second Circuit made clear that its decisions do not prohibit execution of a judgment against EFT funds attached pursuant to Rule B. The Court stated that it "intimate[s] no view as to whether [EFT] funds can be subsequently attached in aid of [the plaintiff's] judgment in New York Supreme Court. That is an issue to be decided by the New York Supreme Court." *Id.* at *12 n.6. In fact, in the New York Supreme Court recognition proceeding in *Sinoying*, the court permitted execution against the EFT, entering an order on June 21, 2010 stating:

> Garnishee Bank of America, N.A., now holding a former electronic
> funds transfer on which Yi Da Xin Trading Corporation is named as the
> beneficiary in the amount of $400,000, is to turn over $235,682.45 of
> those funds to petitioner Acoaxet 1 Shipping Pte Ltd. in connection with
> the judgment . . . executed by the Clerk of the Court . . . .

Amended Order of Attachment and Continuing Temporary Restraining Order, Order Granting Petitioner's Application for Recognition of Foreign Arbitration Awards, Order Directing Entry of Judgment, and Turnover of Monies by Garnishee Banks, dated June 21, 2010, at ¶ 7 (copy attached).

Additionally, BNY Mellon improperly relies on the attachment order to continue holding Ningbo's funds. The attachment order is no longer operative, as it merged into and is superseded

BROWN GAVALAS & FROMM LLP

Hon. Miriam Goldman Cedarbaum
December 7, 2010
Page 3 of 3

by the execution that was levied on BNY Mellon.  Under New York law, an "attachment merges into an execution when issued." *Zittman v. McGrath*, 341 U.S. 446, 451 (1951); *accord Castriotis v. Guaranty Trust Co.*, 229 N.Y. 74, 79 (1920).  Thus, the Rule B attachment order merged into the execution that was served by the U.S. Marshal upon BNY Mellon, and it can no longer impede execution of the judgment against the Ningbo's funds.

In light of the foregoing, there is no basis for BNY Mellon to persist in ignoring the Writ of Execution served by the U.S. Marshal.  Accordingly, MSC registered a transcript of this Court's judgment in the New York State Supreme Court and commenced a turnover proceeding in that court pursuant to CPLR §§ 5225 and 5227.  Presently, MSC awaits the New York State Court's issuance of an order to show cause why a turnover order should not be issued.

MSC respectfully submits that the Court should disregard BNY Mellon's request to deposit the attached funds in the Court's registry.  Instead, the Court should permit the New York State Court turnover proceedings to go forward, or, in the alternative, direct BNY Mellon to turn the attached funds over to MSC forthwith.

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

BROWN GAVALAS & FROMM LLP

Peter Skoufalos

cc:   Hill Rivkins LLP
      45 Broadway, Suite 1500
      New York, New York 10006
      Attn:   Keith B. Dalen, Esq.

      Rawle & Henderson LLP
      14 Wall Street
      New York, New York 10005
      Attn:   Robert A. Fitch, Esq.

FILED: NEW YORK COUNTY CLERK 07/13/2010

NYSCEF DOC. NO. 13

INDEX NO. 603837/2009

RECEIVED NYSCEF: 07/13/2010

Scanned to New York EF on 7/9/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – IAS PART 53

ACOAXET 1 SHIPPING PTE LTD.,

Petitioner,

- against -

YI DA XIN TRADING CORPORATION,

Respondent.

Index No.: 603837/09

Justice Charles E. Ramos

**E-FILE**

**AMENDED ORDER OF ATTACHMENT AND CONTINUING TEMPORARY RESTRAINING ORDER, ORDER GRANTING PETITIONER'S APPLICATION FOR RECOGNITION OF FOREIGN ARBITRATION AWARDS, ORDER DIRECTING ENTRY OF JUDGMENT, AND TURNOVER OF MONIES BY GARNISHEE BANKS**

**BY PETITION** filed on December 22, 2009, petitioner Acoaxet 1 Shipping Pte Ltd. applied to this Court for an order:

a) Temporarily restraining all persons from removing Respondent's property, particularly such property located at Bank of America, N.A. and Wachovia Bank, N.A., from the State of New York pending a hearing and determination of Petitioner's application for an order of attachment of Respondent's property, for the recognition and enforcement of foreign arbitration awards in Petitioner's favor and against Respondent, and for an order granting such other and further relief as this Court may deem just and proper;

b) Directing the attachment of Respondent's property in the State of New York, particularly such property located at Bank of America, N.A. (in the amount of $400,000) and Wachovia Bank, N.A. (in the respective amounts of $31,928.50 and $490,000.00) in an amount up to Petitioner's claim in these proceedings;

c) Recognizing the two foreign arbitration awards dated October 13, 2009 and December 15, 2009 in Petitioner's favor and against Respondent (the "Awards") as a judgment of this Court; and

d) Granting such other relief as may be appropriate, including without limitation, awarding Petitioner its costs and reasonable attorneys' fees in making this Petition.

NOW, having reviewed Petitioner's submission, including the Petition to Confirm Arbitration Award dated December 22, 2009, the Affidavit of Michael J. Frevola dated December 22, 2009 and accompanying exhibits, the Second Affidavit of Michael J. Frevola dated February 1, 2010 and accompanying exhibits, and the Memorandum of Law in support dated December 22, 2009,

Respondent Yi Da Xin Trading Corporation having failed to appear to defend against Petitioner's application; and

The Court being satisfied that Petitioner has demonstrated its entitlement to the relief sought;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Petitioner's application for a continued temporary restraining order pursuant to CPLR § 6210 is GRANTED;

2. Petitioner's application for an order of attachment pursuant to CPLR § 6201 in the amount of $757,105.95 is GRANTED;

3. Petitioner's application for an order directing the issuance of a judgment recognizing the Awards is GRANTED in the amount of $681,026.34;

2

4.  Petitioner's application for the award of its attorneys' fees incurred in connection with the preparation, filing, service and prosecution of this proceeding through January 31, 2010 (as set forth in the Second Affidavit of Michael J. Frevola dated February 1, 2010) is **GRANTED** in the amount of **$67,216.11**;

5.  Petitioner's additional claim for attorneys' fees incurred in preparing for and attending the February 2, 2010 hearing in the amount of $6,863.50 and service of process costs in the amount of $2,000 for service of process on Respondent in the Philippines (neither of which amounts were included in the Second Affidavit of Michael J. Frevola dated February 1, 2010 describing Petitioner's costs) is **GRANTED** in the amount of **$8,863.50**; and

6.  The Clerk is directed to enter judgment in the total amount of **$757,105.95** in favor of Petitioner and against Respondent.

7.  Garnishee Bank of America, N.A., now holding a former electronic funds transfer on which Yi Da Xin Trading Corporation is named as the beneficiary in the amount of $400,000, is to turn over $235,682.45 of those funds to petitioner Acoaxet 1 Shipping Pte Ltd. in connection with the judgment (referenced in paragraph number six, above) executed by the Clerk of the Court on April 8, 2010.

Dated:  New York, New York
        May ____, 2010
        June 21,

ENTER:

_____
J.S.C.

**HON. CHARLES E. RAMOS**

3

# Exhibit "H"



### HILL RIVKINS LLP

45 Broadway, Suite 1500, New York, NY 10006-3739
Tel: 212 669-0600   Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

December 8, 2010

**BY HAND**
The Honorable Miriam Goldman Cedarbaum
United States District Judge
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: **Mediterranean Shipping Company S.A. v.**
      **Ningbo Toptrade Imp. Exp. Co. Ltd.**, *et al.*
      **06 CV 3391 (MGC)**
      <u>**Our File No: 30328-KBD**</u>

Dear Judge Cedarbaum:

  We are in receipt of Mr. Skoufalos' letter of December 7, 2010, on behalf of Mediterranean Shipping Company S.A. ("MSC"). We write on behalf of defendant Ningbo Toptrade ("Ningbo").

  There can be no doubt that Mr. Skoufalos is attempting to mislead. He is aware that a turnover order is required to access the attached funds, and that no such order has been issued. In fact, in yesterday's letter, Mr. Skoufalos quoted the relevant turnover language from the *Sinoying* case and attached a copy of the *Sinoying* turnover order. Yet, rather incredibly, he cited the case as authority for his faulty proposition that The Bank of New York Mellon must now turn over the attached funds in the absence of a turnover order. Perhaps most telling, Mr. Skoufalos states that he has commenced a turnover proceeding in New York State Supreme Court. Clearly, Mr. Skoufalos recognizes that he cannot obtain the attached funds without a turnover order.

  The attempt to mislead continues with Mr. Skoufalos' discussion of the *Sinoying* case. The discussion leaves the reader with the impression that the Second Circuit allowed for the possibility that New York law <u>permits</u> execution against an EFT. This faulty proposition is squarely at odds with *Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, in which the Second Circuit **interpreted New York law to reach its**

| NEW JERSEY | TEXAS | CALIFORNIA |
|---|---|---|
| 102 South Broadway | 55 Waugh Drive, Suite 1200 | Hill Rivkins/Brown & Associates |
| South Amboy, NJ 08879-1708 | Houston, Texas 77007 | 11140 Fair Oaks Boulevard, Suite 100 |
| Tel: 732 838-0300 Fax: 732 316-2365 | Tel: 713 222-1515 Fax: 713 222-1359 | Fair Oaks, CA 95628-5126 |
| e-mail: thefirm@hillrivkins.com | e-mail: thefirm@hillrivkins.com | Tel: 916 535-0263 Fax: 916 535-0268 |
| | | e-mail: thefirm@brnlaw.com |

The Honorable Miriam Goldman Cedarbaum
December 8, 2010
Page Two

holding that EFTs are not subject to attachment. *See* 585 F.3d 58, 71 (2d Cir. 2009) ("Because EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B.") ("... New York law clearly prohibits attachments of EFTs ..."). Under New York law, the EFT is not property. Therefore, EFTs may not be reached by Rule B or by the CPLR.

Mr. Skoufalos failed to provide the context of the quote from footnote six of *Sinoying* and even inserted the word "EFT" to add to the confusion. The full text of footnote six is as follows:

> Because the attachment order was properly vacated, the funds seized in this action should now be released and routed in accordance with the instructions of the original EFTs ( *i.e.,* as if they had never been attached in the first place). We intimate no view as to whether the funds can be subsequently attached in aid of Sinoying's judgment in New York Supreme Court. That is an issue to be decided by the New York Supreme Court.

*Sinoying Logistics Pte. Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 212 n.6 (2d Cir. 2010). As is apparent, the Second Circuit was stating that it did not intimate a view as to whether funds *released from an EFT attachment upon vacatur* may be subsequently attached in aid of a judgment. The Second Circuit was *not* suggesting that the Court allowed for the possibility that an existing illegal EFT attachment could be used to satisfy a judgment; instead, the Court left open the question of whether unrestrained funds, formerly part of an EFT attachment, could be subsequently attached. This is a crucial distinction, as the illegal EFT attachment has not been released in the present case. Instead, the applicable rule is that "...suspense accounts are not attachable property of the defendant under Rule B." *Sinoying,* 619 F.3d at 211 n.5 (summarizing *Scanscot Shipping Services GmbH v. Metales Tracomex Ltda.,* 617 F.3d 679 (2d Cir. 2010)). Of course, as Ningbo has brought to this Court's attention on numerous occasions, the United States Court of Appeals for the Second Circuit has clearly mandated the vacatur of EFT attachments made under Rule B in all cases still open on direct review. *See Hawknet, Ltd. v. Overseas Shipping Agencies,* 590 F.3d 87, 91 (2d Cir. 2009).



The Honorable Miriam Goldman Cedarbaum
December 8, 2010
Page Three

     Mr. Skoufalos seeks a result that runs counter to New York law.  He attempts to sidestep the federal courts, in which an appeal is pending and a standing order restrains the EFT, by attempting to execute on the funds by way of a state court action.  However, New York does not permit attachment of an EFT on the basis that it is not property of either the originator or the beneficiary.  Nevertheless, Mr. Skoufalos attempts to use state law, applicable only as to execution, to trump a standing order of a federal court.

     During oral argument on July 15, 2010, it was well understood by the parties that the Court was merely deciding whether to recognize a foreign judgment, and that further judicial action would be required to use the attachment to satisfy the judgment (see attached excerpt from transcript, p. 12, lines 6-20).  This Court never took any further action to release the illegal EFT attachment; accordingly, it is not accessible to plaintiff Mediterranean Shipping Company ("MSC").

     Mr. Skoufalos objects when the Bank of New York Mellon makes the sensible offer to pay the disputed funds into the federal district court for judicial determination. His objection appears to be based on the fact that the federal courts will not issue a turnover order for the attached funds (indeed, the Second Circuit will properly vacate the illegal EFT attachment) and he wishes to use the state court system to circumvent the federal courts.

     Ningbo respectfully submits that this Court should disregard MSC's suggestion that this Court disregard Bank of New York Mellon's sensible request to deposit the attached funds in the Court's registry.  MSC should not be permitted to raid the illegal EFT attachment by circumventing the federal court system.  The Second Circuit must be permitted to adjudicate the appeal so as to properly release the illegal EFT attachment.

               Respectfully submitted,

               HILL RIVKINS LLP

               Keith B. Dalen

/cb
Enclosure
037-Court

HILL
RIVKINS

The Honorable Miriam Goldman Cedarbaum
December 8, 2010
Page Four


cc:     *Via E-Mail*
        Brown Gavalas & Fromm LLP
        355 Lexington Ave., 4th Fl.
        New York, NY 10017
        Attn:   Peter Skoufalos, Esq.

        *Via E-Mail*
        Rawle & Henderson LLP
        The Widener Building
        One South Penn Plaza
        Philadelphia, Pennsylvania 19107

H$_{ILL}$
$_{[VKINS}$

07F3MEDC                                                                    12

1          MR. SKOUFALOS:  I think an English court judgment has

2    long been considered in the Southern District and it has been

3    given article --

4          THE COURT:  It is the easiest of all courts to

5    enforce, right.

6          MR. SKOUFALOS:  That's correct, your Honor.  Would you

7    like us to submit a further submission on our efforts to try to

8    get the cathode ray tubes out of the Shanghai customs office?

9          THE COURT:  I'd like to see you try once more.

10         MR. SKOUFALOS:  I will be happy to do that.

11         THE COURT:  Before I make a final determination as to

12   whether -- although I am registering this judgment in this

13   court, whether I can use the attachment.

14         MR. SKOUFALOS:  Whether it can be --

15         THE COURT:  That would be the final determination I

16   have to make as to whether I release it.

17         MR. SKOUFALOS:  I understand, your Honor, and I

18   understand the Court's not making that decision today.

19         THE COURT:  Good.  And I will consider anything that

20   you can give me that would help.

21         But I'm surprised that you overlooked two New York

22   cases.

23         MR. DALEN:  Your Honor, I was under the impression

24   that our papers did not address that issue because we conceded

25   that the Court would confirm the --

# Exhibit "I"

At IAS Part _6_ of the Supreme Court
of the State of New York, held in and
for the County of New York, at the
Courthouse thereof, 60 Centre Street,
New York, New York on the _3_ day
of December, 2010

**PRESENT: Hon.** ___LOBIS___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

MEDITERRANEAN SHIPPING CO. S.A.,                    Index No. 11 5618-10

                  Petitioner,

    -against-

BANK OF NEW YORK MELLON CORP.,                      **ORDER TO SHOW CAUSE
                                                     IN SUPPORT OF PETITION
                Respondent.      FOR TURNOVER ORDER**
-------------------------------------------------------X

      Upon the annexed Affirmation of Peter Skoufalos, Esq., the exhibits annexed thereto, the

petition of MEDITERRANEAN SHIPPING CO. S.A. ("Petitioner") dated December 1, 2010,

and upon all the pleadings and proceedings heretofore had herein,

      **LET** the respondent BANK OF NEW YORK MELLON CORP. ("Respondent") show

cause at IAS Part _6_, before the Honorable ___LOBIS___, at the Supreme Court, State of

New York, at Room _345_ of the courthouse located at 60 Centre Street, New York, New York

on the _14_ day of ~~Dec~~ Jan 2011 11:30, ~~2010~~ ~~at 9:30~~ in the forenoon or as soon thereafter as

counsel can be heard why an order should not be made and entered, as requested by Petitioner,

directing Respondent to turn over such property of, or debts owed to, the judgment debtor of

Petitioner, Ningbo Toptrade Imp. Exp. Co. Ltd., as may be in Respondent's possession, in

satisfaction of a judgment of the Supreme Court of the State of New York, up to the sum of

$2,000,250.00 plus accruing interest, including an electronic funds transfer, or funds that

formerly were an electronic funds transfer, in the amount of $500,000, which funds are owed or

belong to the judgment debtor of Petitioner, and for such further and different relief as the Court

deems just and proper.

**SUFFICIENT CAUSE BEING ALLEGED THEREFOR**, it is

**ORDERED** that personal service of a copy of this Order to Show Cause and all the

papers upon which it is based upon Respondent on or before the ~~6~~ day of December, 2010, *by delivery to the office of the respondent or their atty*

shall be good and sufficient service; and it is further

*12*

**JOAN B. LOBIS**

**ORDERED** that answering papers, if any, are to be served at the offices of Petitioner's

attorneys, Brown Gavalas & Fromm LLP, located at 355 Lexington Avenue, New York, New

York, so as to be received by ~~12/15/10~~ *11/5/11*, and reply papers are to be served on Respondent's

attorneys so as to be received by ~~12/14/10~~ *at the argument*, and originals shall be filed with the Court by **JOAN B. LOBIS**

~~12/14/10~~ *1/1/11* *1/11/11*, ~~with courtesy copies of all papers delivered to chambers at the time they are~~

~~served.~~

**JOAN B. LOBIS**

Dated:

ENTER:

_____
J.S.C.

**JOAN B. LOBIS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MEDITERRANEAN SHIPPING CO. S.A.,

Index No. _____

          Petitioner,

   -against-

BANK OF NEW YORK MELLON CORP.,

**AFFIRMATION OF
PETER SKOUFALOS, ESQ.**

          Respondent.
-----------------------------------------------------------------X

    Peter Skoufalos, an attorney duly admitted to practice law before the Courts of the State

of New York, hereby affirms the following subject to the penalties of perjury:

    1.     I am a member of the Bar and admitted to practice before this Honorable Court

and I am a partner of the law firm of Brown Gavalas & Fromm LLP, attorneys for petitioner

MEDITERRANEAN SHIPPING CO. S.A. ("Petitioner") herein.

    2.     I respectfully submit this Affirmation in support of Petitioner's petition for an

order pursuant to CPLR §§ 5225(b) and 5227 directing respondent BANK OF NEW YORK

MELLON CORP. ("Respondent") to turn over property of, or debts owed to, the judgment

debtor of Petitioner, Ningbo Toptrade Imp. Exp. Co. Ltd. ("Judgment Debtor"), as may be in

Respondent's possession, in satisfaction of a judgment of the Supreme Court of the State of New

York, up to the sum of $2,000,250.00.

## BACKGROUND

    3.     As more fully set forth in the Petition filed herewith, the Judgment Debtor

wrongfully attempted to convert a cargo of copper cathodes being shipped aboard Petitioner's

vessel, causing Petitioner to sustain liability to the rightful owner of the cargo in excess of

$2,000,000. Petitioner commenced an action against the Judgment Debtor in the Courts of

England and obtained a judgment against the Judgment Debtor in the amount of $2,000,000. A true and correct copy of the English Court judgment is annexed hereto as Exhibit "A".

4.      The English Court judgment was domesticated and recognized pursuant to the U.S. Arbitration Act, 9 U.S.C. § 201, *et seq.*, by a judgment of the United States District Court for the Southern District of New York. A true and correct copy of the judgment of the District Court is annexed hereto as Exhibit "B".

5.      The transcript of the District Court judgment was docketed in this Court pursuant to CPLR § 5018(d). A true and correct copy of the  Transcript of Judgment filed with the County Clerk of New York is annexed hereto as Exhibit "C".

6.      The full amount of the judgment against the Judgment Debtor remains unpaid.

7.      Enforcement of the District Court judgment has not been stayed.

8.      The Respondent is a banking institution in possession of an electronic funds transfer, or funds that formerly were an electronic funds transfer, in the amount of $500,000, which funds are owed or belong to the Judgment Debtor.

9.      These funds were attached by the Respondent pursuant to an attachment order issued by Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York pursuant to Rule B of the Federal Rules of Civil Procedure.  The attachment order was issued before Petitioner obtained the English Court judgment, and was intended to provide security for an eventual judgment in Petitioner's favor.  The attachment order merged with the District Court judgment when the judgment was issued, and thus the funds are subject to immediate execution.

10.      The Judgment Debtor's last known address is Room 906, Building B, Int'l Convention & Exhibition Centre, 168 Baizhang Road, Ningbo, China.

11.    Petitioner respectfully requests that   the Court enter an order directing Respondent to turn over to Petitioner the Judgment Debtor's funds in its possession, as well as granting such further and different relief as the Court deems just and proper.

12.    No prior application for this relief has been made in this matter.

Dated: New York, New York
        December 1, 2010

BROWN GAVALAS & FROMM LLP
Attorneys for Petitioner
MEDITERRANEAN SHIPPING COMPANY S.A.

Peter Skoufalos
Patrick R. O'Mea
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

3

Hill Dickinson  Ref NJ/BP/ MBP574-243.

## Acknowledgment of Service

**Defendant's full name if different from the name given on the claim form**

| | |
|---|---|
| In the High Court of Justice | Queen's Bench Division |
| | Commercial Court |
| | Royal Courts of Justice |
| **Claim No.** | 2006 Folio 1227 |
| **Claimant(s)** (including ref.) | Mediterranean Shipping Company S.A. |
| | ACN/0806986 |
| **Defendant(s)** | (1) O.M.G. International Limited |
| | (2) Osborne Martin Grant |
| | (3) Ningbo Toptrade Import & Export Co. Ltd. |
| **Defendant returning this form** | Third Defendant |

**Address in England or Wales to which documents about this claim should be sent (including reference if appropriate)**

Clyde & Co LLP
Beaufort House, Chertsey Street,
Guildford,
SURREY.

Ref: ACN/0806986

01483 555 555   Postcode  G U 1 4 H A

| | If applicable |
|---|---|
| Tel. no. | 01483 555527 |
| Fax no. | 01483 567330 |
| DX no. | N/A |
| e-mail | andrew.nicholas@clyde.com |

788

**Tick the appropriate box**

1. (I admit) (The Defendant admits) this claim ☐

2. XXXXXXX (The Defendant intends) to defend all of this claim ☑

3. (I intend) (The Defendant intends) to defend part of this claim ☐

4. XXXXXX (The Defendant intends) to contest jurisdiction ☑

5. My date of birth is ☐☐ / ☐☐ / ☐☐☐☐

If you file an acknowledgment of service but do not file a defence within *(28 days) ( ) days) of the date of service of the particulars of claim, and you have not indicated that you intend to contest jurisdiction, judgment may be entered against you.

If you do not file an application to contest the jurisdiction within 28 days of filing the acknowledgment of service, it will be assumed that you accept the court's jurisdiction.

*Claimant should alter as appropriate if the claim form is to be served out of the jurisdiction together with particulars of claim; see CPR rule 6.20.

| Signed | *Andrew Nicholas* Partner, Clyde & Co LLP | Position or office held (if signing on behalf of firm, company or corporation) Partner, Clyde & Co LLP |
|---|---|---|
| | Defendant's solicitor | |
| Date | 3 July 2008 | |

© Crown Copyright        Laserform International 12/07

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING COMPANY S.A.,

          *Plaintiff,*

        -against-

NINGBO TOPTRADE IMP. EXP. CO. LTD., *et al.,*

         *Defendants.*

                        —X

06 Civ. 3391 (MGC)

[PROPOSED]
JUDGMENT

WHEREAS plaintiff Mediterranean Shipping Company S.A. ("Plaintiff") commenced this action on May 3, 2006, by filing a Summons and Verified Complaint, seeking to obtain security for its claims against defendant Ningbo Toptrade Import Export Company Ltd. ("Defendant") pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, and Plaintiff filed an Amended Verified Complaint on September 15, 2006, and a Second Amended Verified Complaint on December 21, 2006; and

WHEREAS the English High Court of Justice, Queens Bench Division, Commercial Court issued a Judgment Order on October 3, 2008, granting Plaintiff judgment in the amount of $2,000,000, plus an additional amount to be ascertained by the English High Court; and

WHEREAS Plaintiff moved this Court for an order pursuant to Article 53 of the New York Civil Practice Law and Rules recognizing and enforcing the October 3, 2008 Judgment of the English High Court; and

WHEREAS, by Order dated July 15, 2010, this Court granted Plaintiff's motion to recognize and enforce the October 3, 2008 Judgment of the English High Court.

NOW, THEREFORE, IT IS HEREBY

ORDERED, ADJUDGED, AND DECREED that Judgment be entered against

Defendant and in favor of Plaintiff in the amount of $2,000,000.00 (Two Million Dollars), plus costs in the amount of $250.00, plus interest at the rate of 9% per annum from the date of entry of this Judgment until paid, and that Plaintiff shall have immediate execution thereon.

**ENTER**

Dated: New York, New York

September 28, 2010

Close Case

_____
Honorable Miriam Goldman Cedarbaum
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

2

TRANSCRIPT OF JUDGMENT -- No. 10/1668

FILED
COUNTY CLERK
N.Y. COUNTY
2010 NOV 23   PM 4:00

| How Obtained | Dates | Attorney | Name of Party against whom Judgment has been obtained | Name of Party in whose favor judgment has been obtained | Amount | Costs | When satisfied |
|---|---|---|---|---|---|---|---|
| Judgment 06 Civ. 3391 | Signing: 9/28/10  Filing: 9/29/10 | Brown Gavalas & Fromm LLP 355 Lexington Avenue Room 906, Building B New York, New York 10017 | Ningbo Toptrade Imp. Exp. Co. Ltd. Int'l Convention & Exhibition Centre 168 Baizhang Road Ningbo, China | Mediterranean Shipping Co. S.A. 40 Avenue Eugène-Pittard Geneva, Switzerland | $2,000,000 | $250 | |

I, Ruby J. Krajick, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office and that the above judgment has not been satisfied of record.

IN TESTIMONY WHEREOF, I have hereunto subscribed by name and affixed the Seal of said Court, this 23rd day of November, 2010.

Ruby J. Krajick, Clerk

by _____
Deputy Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————————X

MEDITERRANEAN SHIPPING CO. S.A.,

                                                    Index No. _____

                    Petitioner,

       -against-

BANK OF NEW YORK MELLON CORP.,                      **PETITION FOR A
                                                    TURNOVER ORDER
                                                    PURSUANT TO
                    Respondent.                     CPLR §§ 5225 and 5227**

————————————————————————X

Petitioner, MEDITERRANEAN SHIPPING CO. S.A. ("Petitioner"), by and through its

attorneys, Brown Gavalas & Fromm LLP, as and for its petition for relief against respondent

BANK OF NEW YORK MELLON CORP. ("Respondent"), states as follows:

## NATURE OF THE ACTION

    1.      This is a petition pursuant to CPLR §§ 5225 and 5227 for an order directing the

Respondent to turn over property of and/or debts owed to the judgment debtor of Petitioner.

## THE PARTIES

    2.      At all material times, Petitioner was and now is a foreign corporation duly

organized and existing under and by virtue of the laws of Switzerland, with an office and place

of business at 40 Avenue Eugène-Pittard, Geneva, Switzerland.

    3.      At all material times, Respondent was and now is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of Delaware, with an office

and place of business at One Wall Street, New York, New York.

## JURISDICTION AND VENUE

    4.      This Court has jurisdiction over the subject matter of this action pursuant to

CPLR §§ 5201 (a) and (b), 5225, and 5227.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————X

MEDITERRANEAN SHIPPING CO. S.A.,

                   Petitioner,

  -against-

BANK OF NEW YORK MELLON CORP.,

                  Respondent.

———————————————————————X

Index No. _____

**PETITION FOR A
TURNOVER ORDER
PURSUANT TO
CPLR §§ 5225 and 5227**

Petitioner, MEDITERRANEAN SHIPPING CO. S.A. ("Petitioner"), by and through its attorneys, Brown Gavalas & Fromm LLP, as and for its petition for relief against respondent BANK OF NEW YORK MELLON CORP. ("Respondent"), states as follows:

## NATURE OF THE ACTION

1.    This is a petition pursuant to CPLR §§ 5225 and 5227 for an order directing the Respondent to turn over property of and/or debts owed to the judgment debtor of Petitioner.

## THE PARTIES

2.    At all material times, Petitioner was and now is a foreign corporation duly organized and existing under and by virtue of the laws of Switzerland, with an office and place of business at 40 Avenue Eugène-Pittard, Geneva, Switzerland.

3.    At all material times, Respondent was and now is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with an office and place of business at One Wall Street, New York, New York.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to CPLR §§ 5201 (a) and (b), 5225, and 5227.

5.      Venue is proper in this judicial district pursuant to CPLR § 5221(a)(4).

6.      At all material times, Respondent was and is a banking institution in the business of supplying goods and services in the State of New York. This court has personal jurisdiction over Respondent pursuant to CPLR §§ 301 and 302(a)(1).

## FACTS

7.      At all material times, Petitioner was the owner and/or operator of the motor vessel MSC AMSTERDAM (the "Vessel").

8.      On or about September 30, 2005, a "to order" bill of lading no: MSUDN 065539 (the "Bill of Lading") was issued at Durban, South Africa, with respect to a shipment of eighteen containers containing copper cathodes. According to the Bill of Lading, the cargo was to be transported aboard the Vessel from Durban to Shanghai, China.

9.      Petitioner safely transported the cargo aboard the Vessel to Shanghai, where the Vessel arrived on or around October 23, 2005.

10.     At the time of the Vessel's arrival in Shanghai, and prior to discharge of the cargo, the Judgment Debtor and/or persons or entities acting for the Judgment Debtor, presented a document purporting to be the Bill of Lading issued at the Port of Durban.

11.     The document presented in Shanghai by the Judgment Debtor and/or its representatives was not the Bill of Lading issued at Durban but was, instead, a fraudulent document intended to induce Petitioner to deliver the cargo to the Judgment Debtor and to wrongfully procure and convert the cargo.

12.     Upon learning of the existence of two conflicting bills of lading for the cargo, customs authorities at the Port of Shanghai seized the cargo and refused to release the cargo to Petitioner or the rightful owners of the cargo. The cargo remains in the custody of the customs

officials at the Port of Shanghai to this day.

13.     As a consequence of the Judgment Debtor's wrongful and fraudulent behavior, the rightful owners of the cargo, Trafigura Beheer BV and Shanghai HMC Co. Ltd. (the "London Claimants"), filed an action against Petitioner in English courts seeking damages for Petitioner's failure to deliver the cargo as required under the Bill of Lading.  Although Petitioner's failure was due entirely to the Judgment Debtor's wrongful and fraudulent presentment of the forged bill of lading, the London Claimants obtained a judgment against Petitioner on April 26, 2007.

14.     In satisfaction of this judgment, Petitioner paid the London Claimants $2,649,554.93, and Petitioner has suffered further damages in the form of legal costs.

15.     Petitioner commenced an action against the Judgment Debtor and two other defendants in the High Court of Justice, Queens Bench Division, Commercial Court in 2006 (the "London Action"), alleging that the Judgment Debtor's fraudulent acts prevented it from delivering the cargo to the London Claimants, and therefore that the Judgment Debtor is required to indemnify Petitioner for losses sustained in the London Claimants' action.

16.     On October 3, 2008, the English High Court entered judgment in favor of Petitioner and against the Judgment Debtor in the amount of $2,000,000, plus "a further amount to be decided by the Court," plus Petitioner's costs.

17.     Petitioner commenced an action in the United States District Court for the Southern District of New York on May 3, 2006, seeking a Rule B Attachment Order against the Judgment Debtor to obtain security for any sums to be recovered in the London Action.  The district court signed an Attachment Order authorizing attachment of the Judgment Debtor's property up to the amount of $3,665,257.55.  Two electronic funds transfers were attached pursuant to the Attachment Order: Respondent attached $500,000 belonging to the Judgment

3

Debtor, and Citibank attached $24,845.71 belonging to the Judgment Debtor's alter ego, Toptrade Recycling (USA) Inc.

18.     On September 29, 2010, judgment was entered by Judge Miriam Goldman Cedarbaum in the United States District Court for the Southern District of New York in favor of Petitioner and against the Judgment Debtor recognizing the judgment in the London Action and granting Petitioner judgment against the Judgment Debtor in the amount of $2,000,250, plus interest thereon.

19.     On November 23, 2010, a transcript of the judgment entered by Judge Cedarbaum was docketed by the clerk of New York County, pursuant to CPLR § 5018(b).

20.     The judgment remains wholly unsatisfied.

21.     Upon information and belief, the funds held by Respondent represent either "property" of the Judgment Debtor, or a "debt" owed to the Judgment Debtor, within the meaning of CPLR §§ 5225 and 5227.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays:

a)     That this Court issue an order directing Respondent to turn over all property of the Judgment Debtor in its possession, and all debts owed to the Judgment Debtor, up to the amount of $2,000,250 plus accruing interest, including funds originating as an electronic funds transfer in the amount of $500,000 attached by Respondent on or about July 11, 2007; and

b)    For such further and different relief as the Court deems just and proper.

Dated: New York, New York
       December 1, 2010

                              BROWN GAVALAS & FROMM LLP
                              Attorneys for Petitioner
                              MEDITERRANEAN SHIPPING CO. S.A.

                    By:

                              Peter Skoufalos
                              Patrick R. O'Mea
                              355 Lexington Avenue
                              New York, New York 10017
                              (212) 983-8500

5

REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (REV 1/2000)

Supreme          COURT, New York          COUNTY INDEX NO. DATE PURCHASED:          1156810

**PLAINTIFF(S):**
Mediterranean Shipping Co. S.A.,

**DEFENDANT(S):**
Bank of New York Mellon Corp.

NEW YORK
COUNTY CLERK'S OFFICE

DEC - 1 2010

NOT COMPARED
WITH COPY FILE

| For Clerk Only |
| --- |
| IAS entry date |
| 12-2-10 |
| Judge Assigned |
| LOBIS |
| RJI Date |
| 017910 |

Date issue joined:          Bill of particulars served (Y/N):          [     ] Y     [     ] N

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

[     ]  Request for preliminary conference

[     ]  Note of issue and/or certificate of readiness

[     ]  Notice of motion (return date: _____)
         Relief sought _____

[  ✗  ]  Order to show cause
         (clerk enter return date: _____)
         Relief sought  Grant petition

[     ]  Other ex parte application (specify: _____

RECEIVED
DEC. 01 2010
NEW YORK
COUNTY CLERK'S OFFICE.

[     ]  Notice of petition (return date: _____)
         Relief sought _____

[     ]  Notice of medical or dental malpractice
         action (specify: _____)

[     ]  Statement of net worth

[     ]  Writ of habeas corpus

[     ]  Other (specify: _____

**NATURE OF ACTION OR PROCEEDING** (Check ONE box only)

**MATRIMONIAL**

[     ]  Contested                                             -CM

[     ]  Uncontested                                           -UM

**COMMERCIAL**

[     ]  Contract                                              -CONT

[     ]  Corporate                                             -CORP

[     ]  Insurance (where insurer is a party, except          -INS
         arbitration)

[     ]  UCC (including sales, negotiable instruments)         -UCC

[     ]  *Other Commercial                                     -OC

**REAL PROPERTY**

[     ]  Tax Certiorari                                        -TAX

[     ]  Foreclosure                                           -FOR

[     ]  Condemnation                                          -COND

[     ]  Landlord/Tenant                                       -LT

[     ]  *Other Real Property                                  -ORP

**OTHER MATTERS**

[     ]  *_____                                              -OTH

**TORTS**

Malpractice

[     ]  Medical/Podiatric                                     -MM

[     ]  Dental                                                -DM

[     ]  *Other Professional                                   -OPM

[     ]  Motor Vehicle                                         -MV

[     ]  *Products Liability                                   -PL

[     ]  Environmental                                         -EN

[     ]  Asbestos                                              -ASB

[     ]  Breast Implant                                        -BI

[     ]  *Other Negligence                                     -OTN

[     ]  *Other Tort (including                                -OT
         intentional)

**SPECIAL PROCEEDINGS**

[     ]  Art. 75 (Arbitration)                                 -ART75

[     ]  Art. 77 (Trusts)                                      -ART77

[     ]  Art. 78                                               -ART78

[     ]  Election Law                                          -ELEC

[     ]  Guardianship (MHL Art. 81)                            -GUARD81

[     ]  *Other Mental Hygiene                                 -MHYG

[  ✗  ]  *Other Special Proceeding                             -OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| [   ] | [ ✗ ] | Municipality (Specify_____) | [   ] | [ ✗ ] | Public Authority: (Specify_____) |

| YES | NO | |
|---|---|---|
| [   ] | [ ✗ ] | Does this action/proceeding seek equitable relief? |
| [   ] | [ ✗ ] | Does this action/proceeding seek recovery for personal injury? |
| [   ] | [ ✗ ] | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

✗ Expedited: 0-8 months          Standard: 9-12 months          Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

| | | |
|---|---|---|
| Has summons been served? | No | Yes, Date _____ |
| Was a Notice of No Necessity filed? | No | Yes, Date _____ |

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| | Peter Skoufalos / Brown Gavalas & Fromm LLP | 355 Lexington Avenue, New York, New York 10017 | (212) 983-8500 |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| | | | |

*Self Represented:   parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

RELATED CASES:  (IF NONE, write "NONE" below):

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| None | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:

_____
(SIGNATURE)
Peter Skoufalos
_____
(PRINT OR TYPE NAME)
PETITIONER
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

195771.1

2/10/00  7:28 PM

Index No.                Year                    RJI No.                    Hon.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE BANK OF NEW YORK MELLON,

Plaintiff,

-against-

MEDITERRANEAN SHIPPING COMPANY, S.A., and NINGBO TOPTRADE IMP. AND
EXP. CO. LTD.,

Defendants.

**CIVIL COVER SHEET, COMPLAINT FOR INTERPLEADER**
**AND DECLARATORY RELIEF**

RAWLE & HENDERSON, LLP
*Office and Post Office Address, Telephone*
14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 323-7070

To                                          Signature (Rule 130-1.1-a)
                                            .................................................
                                            Print name beneath

Attorney(s) for

Service of a copy of the within                        is hereby admitted.

Dated,                                      .................................................
                                                   Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order                               of which the within is a true copy will be presented for
settlement to the HON.                                        one of the judges
of the within named court, at
on                          at             M
Dated,                                      Yours, etc.
                                            RAWLE & HENDERSON, LLP
                                            *Attorneys for*
To                                          *Office and Post Office Address*
                                            14 WALL STREET
                                            NEW YORK, NEW YORK 10005

4242892-1